UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

MELVIN WRIGHT,

                Plaintiff,

  v.                                          **DECISION AND ORDER**
                                               12-CV-0384S(F)

DR. RAO, Health Services Director,
DR. ABBASEY, M.D., and
DR. CARL J. KONIGSMAN,

                Defendants.

      1.      Plaintiff, proceeding *pro se*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 in May 2012. In his complaint, Plaintiff alleges that, while incarcerated at Attica Correctional Facility, Defendants showed deliberate indifference to his medical needs by (1) failing to address numerous complaints of severe pain; (2) failing to diagnose the cause of his ongoing pain; and (3) denying requests for Plaintiff to be seen by a specialist for such a diagnosis.  On November 13, 2013, Defendants moved for summary judgment dismissing the complaint.  This matter was referred to the Honorable Leslie G. Foschio, United States Magistrate Judge, on January 16, 2014, to oversee all pre-trial matters and to hear and file a report and recommendation containing findings of fact, conclusions of law and a recommended disposition of any dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

      2.      In a Report and Recommendation dated August 6, 2014, Judge Foschio recommended that Defendant's motion be granted with respect to all claims against Defendant Carl Koenigsmann, M.D., as well as any claims against the Defendants in their official capacities, but otherwise be denied.  Pursuant to 28 U.S.C. § 636(b)(1)(C), any

party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen days after being served with a copy. Local Rule of Civil Procedure 72(b) further requires that written objections to a magistrate judge's report "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." After *de novo* review of those portions of the report and recommendation to which proper objections are made, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C); United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006). After receiving an extension of time in which to file, Defendants timely filed objections to Judge Foschio's Report and Recommendation.

3. Defendants object to Judge Foschio's recommended finding of a material issue of fact whether Defendants Dr. Rao or Dr. Abbasey had the requisite subjectively culpable state of mind to support imposing liability. In denying summary judgment on the deliberate indifference to medical needs claim against these Defendants, the Magistrate Judge found discrepancies between the assertion that the prescription pain medications Ultram and Neurontin were discontinued because of Plaintiff's Hepatitis C diagnosis, and the fact that, despite such a diagnosis, Plaintiff was nonetheless prescribed such medications for years both before and after his time at Attica. (Docket No. 25 at 24.) However, a "mere disagreement over the proper treatment" – here between doctors, as well as between Defendants and Plaintiff –"does not create a constitutional claim." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); see Victor v. Milicevic, 361 F. App'x 212, 215 (2d Cir. 2010). "So long as the treatment given is adequate, the fact that a prisoner

might prefer a different treatment does not give rise to an Eighth Amendment violation. Moreover, negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." Chance, 143 F.3d at 703 (internal citation omitted).

To that end, "this is not a case where [D]efendants refused to treat [Plaintiff's] condition, failed to provide prescribed treatment, or placed unreasonable conditions on the receipt of treatment." Reyes v. Gardener, 93 F. App'x 283, 285 (2d Cir. 2004) (denial of stronger medication did not constitute deliberate indifference where defendant physician established pain management plan utilizing, among other things, Tylenol and Motrin); see Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (dismissal warranted despite proposed evidence that another doctor subsequently prescribed different pain medication because "[i]ssues of medical judgment cannot be the basis of a deliberate indifference claim where deliberate indifference is lacking"); cf. Harrison v. Barkley, 219 F.3d 132, 138 (2d Cir. 2000) (an "outright refusal of any treatment for a degenerative condition" or the "imposition of a seriously unreasonable condition on such treatment" both constitute deliberate indifference).  The record reflects that both Defendants were aware of Plaintiff's degenerative disc disease, and that both believed that the use of nonsteroidal anti-inflammatory drugs ("NSAIDs"), such as Ibuprofen and Flexeril, were appropriate for reducing Plaintiff's pain and inflammation. (see Abbasey Decl ¶¶ 10, 12; Rao Decl ¶¶ 14, 30, 32)  Although the stronger pain medications may also have been appropriate, as both the NSAIDs and the requested medications had the possibility of interfering with Plaintiff's Hepatitis C, this does not by itself undermine the conclusion that Defendants' prescribed course of treatment was the product of sound medical judgment, as opposed to a consciously chosen "easier and less efficacious treatment plan." Chance, 143 F.3d at 703

(internal quotation marks omitted); cf. Williams v. Vincent, 508 F.2d 541, 544 (2d Cir. 1974) (refusal of prison doctors to attempt to reattach plaintiff's severed ear amounted to deliberate indifference rather than professional judgment).

4.     Defendants also object to the Magistrate Judge's conclusion that their failure to order further diagnostic testing to ascertain the cause of Plaintiff's pain and numbness could support a jury finding of deliberate indifference.  The Report and Recommendation states that "[i]t is significant that nothing in the record indicates Dr. Abbassey or Dr. Rao ever requested approval of further diagnostic testing, yet were denied." (Docket No. 25 at 26.)  As Defendants argue, this statement appears to ignore Dr. Rao's attempt to refer Plaintiff to a neurosurgeon upon his initial examination in April 2011. (Rao Decl ¶ 19 (citing Bates 166).)  Plaintiff does not dispute that such a referral is reflected in his medical records or that "the neurosurgical and orthotic consultations were denied by the HMO." (Rao Decl ¶ 20; see Pl Decl, Docket No. 23 at 3.)

The Magistrate Judge also highlights the April 6, 2011 x ray which, subsequent to Plaintiff's transfer from Attica and Defendants' care, prompted a physician for Livingston Correctional to request a cervical spine MRI because she was "very concerned for nerve imping[e]ment." (Docket No. 22 at 41 (capitalization altered).)  The Report and Recommendation states that this "strongly suggests Defendants were wilfully ignorant of the risk Plaintiff's degenerative disc disease, a condition that preceded Plaintiff's transfer to Livingston, posed to Plaintiff's future health." (Docket No. 25 at 26.)  However, there is no dispute that both Defendants were aware of and discussed Plaintiff's degenerative disc disease and related pain management with him on each of their visits with Plaintiff. Further, although the Livingston Correctional physician's comment raises a question

whether the April 6, 2011 x ray indicated a more serious problem than that found by Defendants, it does not, without more, establish deliberate indifference. "Whether to order an MRI or similar diagnostic treatments 'is a classic example of a matter for medical judgment.' " Victor v. Milicevic, 361 F. App'x 212, 215 (2d Cir. 2010) (quoting Estelle v. Gamble, 429 U.S. 97, 107, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  Here, the opposition to summary judgment establishes, at best, that Defendants caused merely "a delay in treatment based on a bad diagnosis or erroneous calculus of risks and costs." Harrison v. Barkley, 219 F.3d 132, 139 (2d Cir. 2000); Estelle, 429 U.S. at 107.  In the absence of any indication that legitimate medical claims were disregarded as a punitive measure or for some other invalid reason, the issue raised is medical malpractice, not an Eighth Amendment violation. Harrison, 219 F.3d at 138 (2d Cir. 2000); Estelle, 429 U.S. at 107. Such a claim is more appropriately raised under state tort law.  Estelle, 429 U.S. at 107.

5.     This Court therefore finds that, following *de novo* review of those portions of the Report and Recommendation to which Defendants objected, Defendants Rao and Abbasay are also entitled to summary judgment dismissing the complaint against them.


IT HEREBY IS ORDERED, that the portion of Judge Foschio's Report and Recommendation (Docket No. 25) that denied Defendants' motion for summary judgment on behalf of Defendants Rao and Abbasey is SET ASIDE, and that the report is otherwise ACCEPTED;

FURTHER, that Defendants' Objections to the Report and Recommendation (Docket No. 28) are GRANTED;

FURTHER, that Defendants' Motion for Summary Judgment (Docket No. 17) is GRANTED and the Complaint is dismissed;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   November 26, 2014
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
